UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TANYQUA OLIVER,

    Plaintiff,

vs.

HAMILTON COUNTY COURT
OF COMMON PLEAS, et al.,

    Defendant.

Case No. 1:23-cv-57

McFarland, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff brings this *pro se* action against Hamilton County Court of Common Pleas, Judge Robert Ruehlman and Assistant Hamilton County Court Administrator Sue Selegean.  By separate Order, plaintiff has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint may be

1

dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are fantastic or delusional in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept

all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Here, Plaintiff's complaint purports to bring claims pursuant to 42 U.S.C. § 1983 for violations of her constitutional rights under the First Amendment. In this regard, Plaintiff's complaint alleges Judge Reuhlman presided over several of her civil cases in 2020. In September 2020, Plaintiff apparently used a voice recorder to record her hearing with Judge Reuhlman. According to her complaint, when she "returned on 10-28-20 [Judge Reuhlman] said he found out I posted it on my Facebook page, charged me with contempt 4x after finding a voice recorder in my locked bag." (Doc. 1 at 4). It appears that Plaintiff was later incarcerated for contempt. For relief, Plaintiff requests:

- return of the voice recorder stolen by Ruehlman,
- punitive damages of $35,000,
- immediately make the Hamilton Co. of Common Pleas redact all Court rules that contradict civil liberties rights. Such as "no recording devices or requirement to be a federally recognized business to exercise our inalienable

3

rights.

(Doc. 1 at 6).

Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted. Notably, Plaintiff's complaint fails to clearly explained how the Judge's alleged conduct, even if true, runs afoul of her free speech rights, or provide any additional factual content or context from which the Court may reasonably infer that the Defendants violated Plaintiff's rights.

Furthermore, Defendant Judge Rhuelman is afforded absolute immunity from liability for actions taken while functioning within his judicial capacity. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Barrett v. Harrington*, 130 F3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); see also *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004); *Stern v. Mascio*, 262 F. 3d 600, 607 (6th Cir. 2001).

Plaintiff's claims asserted against Sue Selegean are also subject to dismissal because the Assistant Hamilton County Court Administrator is entitled to quasi-judicial immunity. Immunity afforded to judges "has also been extended to non-judicial officers performing 'quasi-judicial' duties." *Marshall v. Green*, 2010 WL 1959514, * 2 (W.D. Ky May 17, 2010) (citing *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)); see also *Teats v. Johnson*, 2012 WL 4481436, * (M.D. Tenn. Aug. 20, 2012), ("In the Sixth Circuit, 'it is well established that judges and other court officers enjoy absolute immunity from suit on

4

claims arising out of the performance of judicial or quasi-judicial functions.'") (quoting *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988)), report and recommendation adopted, 2012 WL 4471257 (M.D. Tenn. Sept. 26, 2012). As such, Defendant Selegean is entitled to quasi-judicial immunity from Plaintiff's allegations. Plaintiff has also failed to plead any specific facts to show that the administrator behaved unconstitutionally.

Moreover, Plaintiff's allegations are insufficient to state a claim for relief against the Hamilton County Court of Common Pleas. Capacity to sue or be sued in the United States District Courts is governed by Fed. R. Civ. P. 17. Rule 17(b) which provides, in pertinent part: "In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held...." Fed. R. Civ. P. 17(b). The Ohio Supreme Court has concluded that Ohio courts are not sui juris. "Absent express statutory authority, a court can neither sue nor be sued in its own right." *Malone v. Court of Common Pleas of Cuyahoga County*, 344 N.E.2d 126, 128 (Ohio 1976) (quoting *State ex rel. Cleveland Municipal Court v. Cleveland City Council*, 296 N.E.2d 544, 546 (Ohio 1973)). *See also Phillips v. City of Cincinnati*, No. 1:18-CV-541, 2019 WL 2289277, at *10 (S.D. Ohio May 29, 2019) (holding that the Hamilton County Court of Common Pleas is not sui juris). Therefore, the complaint fails to state a claim for relief against the Hamilton County Court of Common Pleas.

Last, it appears clear from the face of the complaint that Plaintiff's claims are time-barred. A civil rights action under 42 U.S.C. § 1983 is governed by Ohio's two-year statute of limitations applicable to personal injury claims. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989); *see also Ewing v. O'Brien*, 115 F. App'x 780, 783 (6th Cir. 2004) ("Section 1983 claims brought in federal court in Ohio are subject to the two-year statute

of limitations period set forth in Ohio Rev. Code § 2305.11."); *Huffer v. Bogen*, No. 1:10-cv-312, 2011 WL 5037209, at *12 (S.D. Ohio Oct. 24, 2011) (and authorities cited therein) ("With respect to alleged violation[s] of 42 U.S.C. § 1983, such claims are governed by Ohio's personal injury statute of limitations, which is two years."). Here, plaintiff's allegations all concern conduct that occurred in 2020, during plaintiff's state court proceedings. Therefore, the complaint under § 1983, filed approximately three years later is time-barred.

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

                                          *s/ Stephanie K. Bowman*
                                          Stephanie K. Bowman
                                          United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TANYQUA OLIVER,

    Plaintiff,

vs.

HAMILTON COUNTY COURT
OF COMMON PLEAS, et al.,

    Defendant.

Case No. 1:23-cv-57

McFarland, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).